**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE CIUPKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HARRIS & HARRIS, LTD., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

1.      Plaintiff Stephanie Ciupka brings this action to secure redress for the actions of defendant Harris & Harris, Ltd., in placing automated telephone calls to cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").   Plaintiff also seeks redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of automated calls to pay for them, the TCPA prohibits the use of automated telephone dialing equipment to place calls to cellular phones without consent.

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

### VENUE AND JURISDICTION

8.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by Plaintiff within this District;

b.      Defendant does or transacts business within this District.

### PARTIES

10.      Plaintiff Stephanie Ciupka is a resident of the Northern District of Illinois.

11.      Defendant Harris & Harris, Ltd., is an Illinois corporation with its principal place of business located at 111 West Jackson Blvd., Suite 400, Chicago, IL 60604. Its registered agent and office is MS Registered Agent Services, 191 N. Wacker Dr., Suite 1800, Chicago, IL 60606.

12.      Defendant Harris & Harris, Ltd., is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

13.      Defendant advertises for employees to "Use manual and automated dialing to

2

contact delinquent account holders from across the country by telephone (averaging about 200 outbound calls a day)." (https://www.indeed.com/q-Harris-&-Harris-l-Chicago,-IL-jobs.html?advn=1836144526009303&vjk=560bd2ed97a07c16)

14.     Defendant Harris & Harris, Ltd. is a debt collector as defined in the FDCPA.

## FACTS

15.     Defendant has been attempting to collect from Plaintiff an alleged medical debt allegedly owed by Plaintiff for medical services to her.

16.     Plaintiff does not believe she owes anything. The provider has informed her that she has no outstanding balance.

17.     On multiple occasions during the first half of 2019, defendant Harris & Harris, Ltd.:

    a.     Placed calls using automated telephone dialing equipment to Plaintiff's cell phone;

    b.     Placed calls using automated telephone dialing equipment to Plaintiff's place of employment.

18.     Plaintiff returned one of the calls on June 19, 2019 and was orally informed what the alleged debt was.

19.     Defendant was required to send a notice of debt within 5 days of the first communication to Plaintiff relating to the alleged debt.

20.     At no time has Plaintiff received a notice of debt identifying the alleged debt.

21.     On information and belief, Defendant did not send such notice.

22.     By letter of July 10, 2019, Plaintiff instructed Harris & Harris, Ltd., to cease calling her. The letter was delivered on July 16, 2019. (Exhibit A)

23.     On at least one occasion thereafter, Harris & Harris, Ltd., called Plaintiff's cell phone, using automated equipment.

24.     On July 18, 2019, Plaintiff received an automated call from Harris & Harris.

3

Plaintiff returned the call to the number from which it had been placed and reached Harris & Harris' automated system.

25.     Defendant Harris & Harris, Ltd. continued to place calls to a work voicemail used by Plaintiff and several other persons.

26.     Defendant Harris & Harris, Ltd. placed 1-2 calls per week to a work voicemail used by Plaintiff and several other persons during August of 2019.

27.     Defendant Harris & Harris, Ltd. placed 1-2 calls per week to a work voicemail used by Plaintiff and several other persons during September of 2019.

28.     Plaintiff was harassed and aggravated as a result.

## COUNT I – FDCPA

29.     Plaintiff incorporates paragraphs 1-28.

30.     Defendant violated 15 U.S.C. §1692g, by failing to provide the "notice of debt" required by that section within 5 days after the first communication to Plaintiff regarding the debt.

31.     Defendant violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by:

    a.      Attempting to collect a debt that was not owed;

    b.      Representing that plaintiff owed such debt;

32.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendant for:

    a.      Statutory damages;

    b.      Actual damages;

    c.       Attorney's fees, litigation expenses and costs of suit;

    d.      Such other and further relief as the Court deems proper.

## COUNT II – TCPA

33.      Plaintiff incorporates paragraphs 1-28.

34.      On information and belief, the calls to Plaintiff were placed using automated telephone dialing equipment.

35.      The TCPA, 47 U.S.C. § 227, prohibits unsolicited automated calls to cell phones:

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–  * * ***

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

36.      The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

37.     Plaintiff suffered damages as a result of receipt of the calls, in that she was required to pay for such receipt, either on a per message basis or because the receipt counted against the number of minutes or messages she pays for. Furthermore, Plaintiff's statutory right of privacy was invaded.

38.     Plaintiff is entitled to statutory damages.

39.     Defendant violated the TCPA even if its actions were only negligent.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Statutory damages;

b.      Costs of suit;

c.      Such other or further relief as the Court deems just and proper.


/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman

# **EXHIBIT A**

REDACTED

Stephanie Ciupka

July 10, 2019

Harris & Harris, Ltd.
111 West Jackson Blvd., Suite 400
Chicago, IL 60604-4135
*Via USPS Certified Mail*

Re:    Cease and Desist, and Debt Validation

To whom it may concern:

I am requesting that you cease and desist communication with me via telephone in regards to any alleged debts you claim I owe. This includes, but is not limited to, calls to both my cell phone and my place of work. Harris & Harris may not contact me via telephone at any number in any manner.

Further, I dispute the validity of any alleged debt. On June 19, 2019, I learned of the alleged debt for the first time when I spoke to a Harris & Harris representative over the phone, who claimed to be collecting on a $60 balance from Northwestern Medicine. During that call, I verbally disputed the validity of the debt and requested that Harris & Harris provide written documentation of the validity of this debt. This letter repeats that dispute and request. You should also be aware that the same day, I followed up with Northwestern Medicine and was told by their patient accounting department that I do not have any balance with collections.

I have never received anything in writing from Harris & Harris and have never been given any account numbers or other identifiers. This letter applies to any and all alleged debts that Harris & Harris seeks to collect from me.

If you do not comply with this request, I will pursue any available remedies under the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and any other applicable Federal or State Law.

Sincerely,

Stephanie Ciupka

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70183090000152911522

Remove ✕

**Expected Delivery on**

## TUESDAY

# 16 JULY 2019 ⓘ

by
## 8:00pm ⓘ

## ✔ Delivered

July 16, 2019 at 2:26 pm
Delivered, Front Desk/Reception/Mail Room
CHICAGO, IL 60604

**Get Updates** ∨

---

**Text & Email Updates** ∨

---

**Tracking History** ∨

---

**Product Information** ∨

---

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

## The easiest tracking number is the one you don't have to know.

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment. **app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo**